United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>      Defendant. | Case No. 22-cv-02465-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

Pro se plaintiff Debra Brown sued defendant American General Life Insurance Company for allegedly allowing fraudulent loans to be drawn in her name on a whole life insurance policy she owned. Brown originally filed her case in California state court, and American General removed it to this Court on diversity jurisdiction. *See* Dkt. No. 1. American General represented in a brief to the Court that the insurance policy provided $10,000 in coverage. Dkt. No. 29-1 at 2. The removal petition alleges that four small loans in amounts under $100 were taken against the policy in 2005 and 2009. Dkt. No. 1 at 3. Brown's complaint stated a single cause of action under the California Identity Theft Act (CITA), Cal. Civ. Code §§ 1798.92, *et seq.*, to cancel collection and payment of the loans, and to obtain civil penalties.[1]

---

[1] American General relies almost entirely on the statutory provision in California Civil Code Section 1798.93(c)(6) of up to $30,000 in a civil penalty to establish the amount in controversy for removal on diversity grounds. American General contends that each of the four challenged loans is subject to a civil penalty, and so the maximum amount in controversy is $120,000. *See* Dkt. No. 1 at 4-5. Brown did not seek a remand to state court, and the Court accepts this approach as plausible solely for removal purposes here, without actually deciding whether the civil penalty provision may be applied in that fashion.

American General asks for summary judgment on the ground that Brown's lawsuit is time-barred. Dkt. No. 29. Reviewing the parties' filings and the case as a whole with the liberality afforded to pro se plaintiffs, the record establishes that the limitations period for a CITA claim lapsed approximately one year before Brown filed the original complaint. Consequently, judgment is granted in favor of American General.

## BACKGROUND

The salient facts are undisputed and straightforward. American General processed in the name of Debra Brown one loan in 2005, and three more loans in 2009, against Brown's insurance policy. Dkt. No. 29-2, Exhs. 3, 5, 7, & 9. The loans were all quite small but ran with an annual interest rate of 8%.

American General mailed a notice for the first loan to plaintiff's mother, the original policyholder, on March 3, 2005, and notices for the remaining loans to plaintiff Brown's address of record in Oakland, California, on February 4, 2009, May 29, 2009, and November 4, 2009. Dkt. No. 29-2 at ¶¶ 7, 9, 11, & 13; Dkt. No. 29-2, Exhs. 4, 6, 8, & 10. The notices each read: "The loan you requested has been processed and your loan balance is [balance]." *Id*. American General also mailed annual statements to plaintiff Brown about the loans from 2009 to 2019. *Id*. ¶ 14 and Exh. 11. The statements included the total principal and interest due and the due date for payment. *Id*. Brown quibbles a bit about whether her insurance agent independently advised her of the loans, but she testified in deposition that she received mail at each of the addresses where she has resided since 2005; notified American General whenever she changed her mailing address; and has never had a P.O. box. Dkt. No. 29-3 (Brown Depo.) at 123:18-124:1.[2]

Brown acknowledges that she knew of a potential fraudulent loan issue no later than 2015. *See* Dkt. No. 30-1 (Brown Decl.) ¶ 10; Dkt. No. 29-3 at 103:1-8; *id*. at 104:9-11. In 2015, she communicated her concerns about the loans to American General, but American General told her that they "needed to be paid." Dkt. No. 30-1 ¶ 11; Dkt. No. 29-3 at 106:9-23.

---

[2] Under the long-standing mailbox rule, these facts created, at a minimum, a "rebuttable presumption" that Brown received the postal communications. *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Brown did not rebut the presumption, or otherwise demonstrate that she did not get the mailings.

1    Brown did not sue American General for identify theft until 2021 because she "did not
2    receive billing statements about the loans" and "believed that American General had realized that
3    [she] was not the person who took out the loans, and that the issue was resolved." Dkt. No. 30-1
4    ¶ 12. In January 2020, Brown filed a police report of identity theft concerning the loans and
5    provided a copy to American General. *Id*. ¶ 14. American General advised Brown in March
6    2020, that it had investigated the contested loan applications and determined that they were not
7    forged. *Id*. ¶ 18.

## LEGAL STANDARD

Summary judgment may be granted under Federal Rule of Civil Procedure 56 when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Brickman v. Fitbit, Inc.*, No. 15-cv-02077-JD, 2017 WL 6209307, at *2 (N.D. Cal. Dec. 8, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Material facts are facts that may affect the outcome of the case, and a dispute over a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for either party. *Yates v. Adams*, No. 15-cv-04912-JD, 2017 WL 783520, at *1 (N.D. Cal. Mar. 1, 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To determine if there is a genuine dispute as to any material fact, the Court will view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in that party's favor. *Id.* The Court will not independently "scour the record in search of a genuine issue of triable fact," and will rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation omitted). Even so, the Court reads generously a pro se party's filings.

## DISCUSSION

The heart of American General's motion is that Brown waited too long to file her lawsuit. CITA "allows a 'victim of identity theft' to bring an action for damages, civil penalties, and injunctive relief against a 'claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008) (quoting Cal. Civ. Code § 1798.93(a) and (c)). "'Claimant'

United States District Court
Northern District of California

means 'a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft.'" *Id.* (quoting Cal. Civ. Code § 1798.92(a)).

The statute of limitations for a CITA claim is four years. *See* Cal. Civ. Code § 1798.96 ("[W]ithin four years of the date the person who alleges that he or she is a victim of identity theft knew or, in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the bringing of the action or joinder of the defendant."). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (internal citations and quotation marks omitted). "Once the plaintiff has a suspicion of wrongdoing," she "must go find the facts; she cannot wait for the facts to find her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

These well-established principles foreclose Brown's case as time-barred. As Brown has acknowledged, she knew in 2015 that American General had issued loans against her insurance policy that she did not personally recognize. Brown told American General in 2015 that she had not taken out the loans. *See* Dkt. No. 30-1 ¶ 11; Dkt. No. 29-3 at 106:9-23. American General told her that they had to be paid, *see id.*, which means it was asserting a "claim for money" based on loans that Brown suspected were fraudulently obtained. *See* Cal. Civ. Code § 1798.92(a). Consequently, Brown was on notice of facts that would give rise to her CITA claim in 2015. Brown did not file this lawsuit until March 22, 2021, *see* Dkt. No. 29-3, so her claim is barred.

That is the end of the matter for summary judgment purposes. Brown refers to a decision by another district court to the effect that a CITA claim accrues "when there is an adverse action taken against the victim of identity theft by the claimant after the claimant failed to conduct a reasonable investigation of the victim's dispute." *Horton v. Caine & Weiner Co., Inc.*, No. 21-cv-1160, 2022 WL 3362275, at *5 (S.D. Cal. Aug. 15, 2022) (citing Cal. Civ. Code § 1798.93(c)(6)). The reference is inapposite. Even assuming, without deciding, that an adverse action against the victim is necessary to trigger an accrual of a CITA claim, the undisputed facts here establish that American General advised Brown as early as 2005 and 2009 of the loans and balances due, and

that she had to pay.  That is enough to be an "adverse action."

Consequently, summary judgment is granted in favor of American General.  A separate judgment will be entered.  Each side will bear its own attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: December 21, 2023

JAMES DONATO
United States District Judge